UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| GREG ADKISSON, et al., Plaintiffs, v. JACOBS ENGINEERING GROUP, INC., Defendant. | ) ) ) ) ) ) ) | No.: 3:13-CV-505-TAV-HBG *Lead Case Consolidated with* |
| KEVIN THOMPSON, et al., Plaintiffs, v. JACOBS ENGINEERING GROUP, INC., Defendant. | ) ) ) ) ) ) ) | No.: 3:13-CV-666-TAV-HBG  as c*onsolidated with* |
| JOE CUNNINGHAM, et al., Plaintiffs, v. JACOBS ENGINEERING GROUP, INC., Defendant. | ) ) ) ) ) ) | No.: 3:14-CV-20-TAV-HBG |
| BILL ROSE, Plaintiff, v. JACOBS ENGINEERING GROUP, INC., Defendant. | ) ) ) ) ) ) ) | No.: 3:15-CV-17-TAV-HBG |
| CRAIG WILKINSON, et al., Plaintiffs, v. JACOBS ENGINEERING GROUP, INC., Defendant. | ) ) ) ) ) ) ) | No.: 3:15-CV-274-TAV-HBG |
| ANGIE SHELTON, as wife and next of kin on behalf of Mike Shelton, et al., Plaintiffs, v. JACOBS ENGINEERING GROUP, INC., Defendant. | ) ) ) ) ) ) ) ) | No.: 3:15-CV-420-TAV-HBG |

| | |
|---|---|
| JOHNNY CHURCH,<br>    Plaintiff,<br>v.<br>JACOBS ENGINEERING GROUP, INC.,<br>    Defendant. | No.: 3:15-CV-460-TAV-HBG |
| DONALD R. VANGUILDER, JR.,<br>    Plaintiff,<br>v.<br>JACOBS ENGINEERING GROUP, INC.,<br>    Defendant. | No.: 3:15-CV-462-TAV-HBG |
| JUDY IVENS, as sister and next of kin,<br>on behalf of JEAN NANCE, deceased,<br>    Plaintiff,<br>v.<br>JACOBS ENGINEERING GROUP, INC.,<br>    Defendant. | No.: 3:16-CV-635-TAV-HBG |
| PAUL RANDY FARROW,<br>    Plaintiff,<br>v.<br>JACOBS ENGINEERING GROUP, INC.,<br>    Defendant. | No.: 3:16-CV-636-TAV-HBG |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendant's Motion for Sanctions and to Enforce the Confidentiality of Mediation [Doc. 512],[1] filed on April 27, 2020. Accordingly, for the reasons more fully set forth below, Defendant's Motion [**Doc. 512**] will be **DENIED**.

---

[1] Unless otherwise indicated, citations to the record refer to the docket entries in *Adkisson*, 3:13-CV-505.

## I. BACKGROUND

After the Phase I jury trial in this case, the Court granted Plaintiffs' Motion for Reference of Consolidated Cases to Mediation [Doc. 431] on January 18, 2019, finding that "this litigation is one that could benefit from mediation." [Doc. 459 at 2]. Therefore, in accordance with 28 U.S.C. § 652(a) and Local Rule 16.4, the Court ordered the parties to mediate the litigation in good faith. [*Id.* at 5].

On March 22, 2019, the Court approved the appointment of Daniel J. Balhoff to serve as the mediator in the present case. [Doc. 466]. After the parties filed a joint motion for an extension of time for mediation [Doc. 472], the Court extended the deadline for mediation until August 16, 2019. [Doc. 474]. Subsequently, on August 16, 2019, the Court noted that the mediator had failed to file a report with the Court stating the outcome of the mediation and extended the deadline for mediation an additional sixty days. [Doc. 479]. Finally, on February 14, 2020, the Court extended the deadline for mediation until March 31, 2020. [Doc. 488].

However, on April 13, 2020, Mediator Daniel Balhoff filed his Mediation Report, in which he stated that "[a]fter months of negotiation . . . defendant made an offer which plaintiffs' attorneys agreed could be presented to plaintiffs," but that the mediation was terminated without settlement as "[a]n insufficient number of plaintiffs have agreed to participate for the settlement to be effective." [Doc. 502].

## II. POSITIONS OF THE PARTIES

Defendant Jacobs Engineering Group moves [Doc. 512] for the Court to enforce the confidentiality of mediation in the present case and to impose sanctions. Defendant maintains that Plaintiffs, as well as Plaintiffs' counsel, violated E.D. Tenn. Local Rule 16.4(h) by disclosing confidential information from mediation "at least three times to Jacobs' knowledge, with the most recent and egregious violation resulting in a front-page article in *The Knoxville News Sentinel*." [*Id.*

3

at 3]. Additionally, Defendant states that their submitted brief in support has only disclosed what has been publicly reported or disclosed to the undersigned in a meeting with counsel. Ultimately, Defendant requests that the Court, at a minimum: 1) order Plaintiffs and their counsel to comply with Local Rule 16.4(h) and their confidentiality obligations; 2) order Plaintiffs and their counsel to reimburse Defendant for the attorney's fees and costs incurring from mediation; and 3) order Plaintiffs and their counsel to reimburse Defendant for the attorney's fees and costs in bringing the motion for sanctions.

In support of their motion for sanctions, Defendant argues [Doc. 513] that Plaintiffs, as well as Plaintiffs' counsel, knowingly violated the confidentiality of the mediation. Defendant submits that that this required confidentiality was violated at least three times, including most recently when the amount offered at mediation was provided to the *Knoxville News Sentinel*. Defendant also claims that Plaintiffs' counsel impermissibly revealed inappropriate details about the mediation during a conference with the undersigned on January 24, 2020, including announcing that the mediator had made a proposal that was accepted by counsel for both parties. Additionally, Defendant asserts that Plaintiffs impermissibly referenced and attached materials that were explicitly provided for the purpose of mediation in their response to Defendant's Phase II trial recommendations. *See* [Doc. 497 at 7].

With respect to the *Knoxville News Sentinel* article, published on April 19, 2020, Defendant claims that the article referenced the total settlement amount, as well as several intimate details of the lengthy mediation process. For example, Defendant notes that the article included the amount which Plaintiffs' attorney's fees and expenses would account for out of the total settlement, discussions between the mediator and Plaintiffs, and the mediator's process with the individual Plaintiffs. Defendant claims that these details were previously unknown to Jacobs Engineering Group and their counsel, as well as that they did not disclose any details from the mediation, and

4

include a declaration from its counsel, Attorney Jim Saunders [Doc. 514].

Therefore, Defendant claims that Plaintiffs' counsel, and possibly Plaintiffs, knowingly violated the confidentiality of mediation. Defendant points to the *Knoxville News Sentinel* article claiming to have obtained the specifics about the mediation process and the financial terms from "multiple sources with direct knowledge of the negotiations." [Doc. 513 at 12]. Moreover, Defendant maintains that Plaintiffs improperly disclosed the amount of a settlement offer, as well as details at "the very heart of the mediation proceedings," which prejudiced both the mediation proceedings, as well as the jury pool and likely the Court. [*Id.* at 14 (citing *Zuver v. Sprigg*, No. 16-2505 (DLF), 2018 WL 3617308, at *12 (D.D.C. June 13, 2018))]. Defendant alleges that this violation occurred after defense counsel had raised two previous violations of the confidentiality of mediation with Plaintiffs' counsel. Ultimately, Defendant asserts that they are entitled to the requested relief under precedent imposing more significant sanctions for violations of the confidentiality of mediation.

Plaintiffs respond [Doc. 526] that comments about the status of the mediation during the January 24, 2020 conference with the undersigned do not constitute a violation, as the undersigned was tasked with overseeing the mediation, *see* [Doc. 459 at 6], and Plaintiffs' counsel believed the purpose of the conference was to determine whether a continued period for mediation was justified. Additionally, Plaintiffs' counsel filed declarations stating that they believed that the mediator had communicated to the undersigned that a proposal had been accepted by the parties. *See* [Doc. 526-1]. Plaintiffs submit that Defendants have failed to show any underlying prejudice from discussions with the undersigned in the status conference.

Next, Plaintiffs maintain that the submission to the Court under seal of treating physician and expert declarations as a part of Plaintiffs' response to Defendant's brief regarding Phase II trial procedures was not a violation of the confidentiality of mediation, as "[t]hese declarations were

5

Plaintiffs' work product for proof of specific causation for the Phase II trials, which were used in mediation, but were not created solely for mediation." [Doc. 525 at 3].

Lastly, Plaintiffs allege that Plaintiffs' counsel did not disclose any mediation details to the newspaper, and "[i]n their attached declarations, Plaintiffs' attorneys unequivocally deny the groundless accusations from Jacobs, and Jacobs has proffered no evidence to the contrary." [*Id.* at 5]; *see* [Doc. 526-1]. Additionally, Plaintiffs' counsel states that they are not aware of the identity of the sources who provided information about the mediation to the *Knoxville News Sentinel*, as well as note that the article specifically states that Plaintiffs' counsel Jim Scott and Keith Stewart declined to comment. *See* [Doc. 514-1 at 4].

Plaintiffs claim that there is no basis for sanctions or an injunction, as Defendant fails to establish that any individual Plaintiffs were the sources of information published in the *Knoxville News Sentinel*. Plaintiffs also allege that even if the information was disclosed by one or more Plaintiffs, it would be "patently unfair" to sanction all Plaintiffs through dismissal or financial penalties. [Doc. 526 at 7]. Plaintiffs maintain that sanctions are inappropriate in the present case as Defendants have failed to establish that Plaintiffs intentionally acted in bad faith or recklessly disregarded the Local Rules or an order of the Court. Finally, Plaintiffs allege that Defendants are unable to demonstrate irreparable harm from a disclosure that would warrant an injunction, as a Phase II jury will be charged with determining the amount of damages on an individual basis for each Plaintiff.

Defendant replies [Doc. 528] that Plaintiffs do not dispute that "someone on their side" divulged confidential details from the mediation to the *Knoxville News Sentinel*. [*Id.* at 7]. Moreover, Defendant claims that the declaration of Plaintiff's counsel, Jim Scott, does not directly deny that he was involved in the disclosure of information to the newspaper and that the "declaration is inconsistent with the categorical denials in Plaintiffs' opposition brief." [*Id.* at 9]. With respect

6

to Plaintiffs' argument that it would be unfair to sanction all Plaintiffs for a possible disclosure, Defendant alleges that Plaintiffs demanded that these cases be consolidated and sent to mediation together. Additionally, Defendant asserts that Plaintiffs' counsel failed to state that they advised their clients of the confidentiality requirements. Defendant further states that Plaintiffs have failed to support their potential argument that they believed that they were free to talk after the mediation concluded. Lastly, Defendant claims that an evidentiary hearing may be held if the Court believes it necessary to determine who divulged confidential material on the Plaintiffs' side.

Regarding the two earlier alleged violations of the confidentiality of mediation, Defendant claims that Plaintiffs' counsel was not permitted to divulge details of the mediation under the belief of being candid with the Court. Additionally, Defendant claims that Local Rule 16.4(h) does not have an exception following an understanding of previous violations despite Plaintiffs' claims that they understood that the mediator had discussed certain details with the Court. With respect to the physician declarations used in mediation, Defendant claims that there is no applicable exception under Local Rule 16.4(h).

Therefore, Defendant replies that "[g]iven that there is no question someone on Plaintiffs' side violated the Court's rule" and the confidentiality of mediation, "the only question is the appropriate remedy." [Doc. 528 at 16]. Although Plaintiffs claim that Defendant cannot establish the irreparable harm necessary for an injunction, Defendant alleges that the Court has the inherent power to enforce its own rules. However, Defendant claims that they have established irreparable harm, as the disclosure of the amount offered to the jury leads to both a tainted jury pool and prejudice to the Court. Additionally, the disclosure of the amount of a settlement offer and the acceptance goes to the heart of the mediation proceeding at the basis of the required confidentiality.

### III. LEGAL STANDARD

Congress enacted the Alternative Dispute Resolution Act ("ADR Act"), which directed

federal courts to "require [by local rule] that litigants in all civil cases consider the use of alternative dispute resolution process at an appropriate stage in the litigation." 28 U.S.C. § 652(a). The ADR Act mandates that "each district court [ ] by local rules . . . provide for the confidentiality of the alternative dispute resolution processes and [ ] prohibit disclosure of confidential dispute resolution communications." *Id.* at § 652(d). As discussed by the parties, Local Rule 16.4(h) provides:

> **(h) Confidentiality and Restrictions on the Use of Information.** The Mediation Conference and all proceedings relating thereto, including statements made by any party, attorney, or other participant, are confidential and are inadmissible to the same extent as discussions of compromise and settlement are inadmissible under Federal Rule of Evidence 408. Mediation proceedings may not be reported, recorded, placed into evidence, or made known to the Presiding Judge, or construed for any purpose as an admission against interest. Mediators shall not divulge the details of information imparted to them in confidence in the course of Mediations without the consent of the parties, except as otherwise may be required by law.

E.D. Tenn. L.R. 16.4(h).

The Sixth Circuit has recognized that "[t]here exists a strong public interest in favor of secrecy of matters discussed by parties during settlement negotiations." *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980 (6th Cir. 2003). Further, "[b]y safeguarding the trust of the parties in the individual case, the confidentiality requirement serves the broader purpose of fostering alternative dispute resolution in general. Confidentiality is paramount to the success of a mediation program because it encourages candor between the participants . . . ." *Hand v. Walnut Valley Sailing Club*, No. 10-1296-SAC, 2011 WL 3102491, at *4–5 (D. Kan. Jul. 20, 2011), *aff'd*, 475 F. App'x 277 (10th Cir. 2012); *see, e.g.*, *Grimes v. Bessner*, No. 17-CV-12860, 2018 WL 3956356, at *2 (E.D. Mich. Aug. 17, 2018).

"[C]ourts routinely impose sanctions on attorneys who disclose confidential mediation communications." *Zuver v. Sprigg*, No. CV 16-2505 (DLF), 2018 WL 3617308, at *12 (D.D.C. June 13, 2018); *see, e.g.*, *Mocombe v. Russell Life Skills*, No. 12-60659-CIV, 2014 WL 11531569, at *15 (S.D. Fla. Oct. 7, 2014) ("Courts have imposed various sanctions for a litigant's violation of

8

mediation confidentiality rules."), *report and recommendation adopted sub nom.*, *Mocombe v. Russell Life Skills & Reading Found., Inc.*, 2014 WL 11531914 (S.D. Fla. Oct. 31, 2014). All attorneys practicing in federal court have "a clear obligation to familiarize [themselves] with a district court's rules and to follow them . . . ." *Carpenter v. City of Flint*, 723 F.3d 700, 710 (6th Cir. 2013); *see, e.g.*, *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) ("A district court undoubtedly has discretion to sanction a party for failing to . . . comply with local or federal procedural rules" and "[s]uch sanctions may include dismissing the party's case with prejudice or entering judgment against the party."), *cited in Hand*, 475 F. App'x at 279.

Several district courts, including the Eastern District of Michigan have in place a local rule which "contemplate[s] sanctions for failure to comply with the Rules." *Grimes*, 2018 WL 3956356 at *2; *see* E.D. Mich. L.R. 11.1 ("If, after notice, and a reasonable opportunity to respond, the Court determines that a provision of these local rules has been knowingly violated, the Court may impose an appropriate sanction upon the attorneys, law firms, or parties that have violated the Local Rule or are responsible for the violation."). However, as an applicable provision is not in effect in the Local Rules of this District, the Court may impose sanctions pursuant to its inherent power "'when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991)).

### IV.  ANALYSIS

Initially, the Court acknowledges the lack of significant case law on the disclosure of confidential mediation information, or the appropriate sanctions if such a disclosure is found, within the Sixth Circuit. Ultimately, the Court will first specifically address the assertion at the crux of Defendant's motion—that Plaintiffs knowingly violated the confidentiality of the mediation by disclosing the total settlement amount, as well as other specific details of the mediation, to the

9

*Knoxville News Sentinel*. The Court will then review the alleged improper disclosures to the Court.

### A. Alleged Disclosure of Confidential Mediation Information to the *Knoxville News Sentinel*

Defendant asserts that Plaintiffs disclosed several "intimate details of the lengthy mediation" in the April 19, 2020 *Knoxville News Sentinel* article. [Doc. 513 at 12]. In particular, Defendant points to the reporting that Plaintiffs' attorneys fees and expenses would account for approximately $3.5 million of the settlement fund; that the mediator "repeatedly told workers the offer was the best they would get;" that the mediator did not provide all Plaintiffs with a copy of the settlement offer to seek legal review by an independent third party; that the mediator did not explain each term of the settlement to Plaintiffs in detail; that the mediator told workers that the case could drag on for years; and the mediator's alleged statements about the ability to place a financial value on the life of a worker. [*Id.*]. Further, Defendant claims that Plaintiffs do not dispute that the disclosed confidential information from the mediation came from Plaintiffs or their counsel, as they do not contend that the "multiple sources with direct knowledge of the negotiations" referenced in the article were not related to Plaintiffs. [Doc. 528 at 7]. Therefore, Defendant asserts that the disclosure of several intimate details of the mediation process by Plaintiffs is sanctionable because of its prejudicial effect on the pending litigation.

Ultimately, the Court finds that Defendant has failed to establish a willful violation or bad faith conduct by Plaintiffs or Plaintiffs' counsel in the present case. Defendant does not claim that another method for imposing sanctions on Plaintiffs for the alleged violations of the confidentiality of the mediation and Local Rule 16.4 exists other than the Court's inherent power. *See* [Doc. 530 at 17]. "In this Circuit, 'bad faith' is a requirement for the use of the district court's inherent authority, but this Circuit has also upheld the use of such sanctions for conduct that 'was tantamount to bad faith.'" *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d

10

501, 519 (6th Cir. 2002) (internal citations omitted); *see also BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 752 (6th Cir. 2010) ("[T]he imposition of sanctions under a court's inherent powers . . . thus *requires* a finding of bad faith or of conduct 'tantamount to bad faith.'") (emphasis in original).

Defendant correctly states that "courts routinely impose sanctions on attorneys who disclose confidential mediation communications." *See Zuver v. Sprigg*, No. CV 16-2505 (DLF), 2018 WL 3617308, at *12 (D.D.C. June 13, 2018). However, while Defendant claims that the requested sanctions are well within the Court's power and amply supported by precedent, Defendant has failed to establish that Plaintiffs violated the confidentiality of the mediation or acted in bad faith, and thus the Court will decline to impose sanctions against Plaintiffs. *See Grimes v. Bessner*, No. 17-CV-12860, 2018 WL 3956356, at *2 (E.D. Mich. Aug. 17, 2018) ("However, sanctions in the cases cited by Defendant's counsel have only been given when the party in violation of the local arbitration rules acted in bad faith.").

First, Defendant cites to *Hand v. Walnut Valley Saving Club*, wherein the Tenth Circuit affirmed the dismissal with prejudice after the plaintiff, while suing a sailing club alleging violations of the Americans with Disabilities Act, emailed at least forty-four club members "disparaging the club's positions and relating all the details of the mediation, including what the mediator said and the amount of the club's settlement offer." 475 F. App'x 277, 278 (10th Cir. 2012). The Tenth Circuit affirmed the district court's dismissal with prejudice, noting that the district court "emphasized" that the plaintiff's disclosures "reached club members who might testify about the 'crucial issue in the case.'" *Id.* at 279.

In the present case, Defendant has failed to establish that Plaintiffs, or Plaintiffs' counsel willfully violated the confidentiality of mediation. The Court agrees with Defendant that the intentional disclosure of mediation details, including the amount of a settlement offer, would

11

encompass "the very heart of the mediation proceeding" and hinder the overall effectiveness of the mediation process. *Zuver*, 2018 WL 3617308 at *11. However, Defendant is unable to establish that Plaintiffs, or Plaintiffs' counsel, is responsible for the disclosure of such details of the mediation. *See Hand*, 475 F. App'x at 279 (acknowledging that the plaintiff "committed a serious violation of the confidentiality rule," and that "he did so not accidentally but intentionally"); *Grimes*, 2018 WL 3956356 at *3 ("Drawing on all of this authority, other corrective action, such as sanctions, is only appropriate when a party consistently either intentionally acts in bad faith or recklessly disregards the rules and orders of the court.").

Defendant claims that Plaintiffs knowingly violated the confidentiality of the mediation, as well as that Plaintiffs do not dispute that "[s]omeone on their side violated the Local Rule." *See* [Doc. 528 at 7]. Defendant asserts that unlike the declarations of certain of Plaintiffs' counsel, the declaration of Attorney Scott does not specifically deny that he provided any information to the *Knoxville News Sentinel*, but "appears to say that there is an exception that would *allow* him to be involved in the disclosure." [*Id.* at 8]. Defendant maintains that "Mr. Scott's declaration is inconsistent with the categorical denials in Plaintiffs' opposition brief" and Plaintiffs cannot "hide behind their numbers" with their argument that even if a few individual Plaintiffs were among the sources to the *Knoxville News Sentinel*, it would be unfair to sanction all Plaintiffs. [*Id.* at 9–10]. Ultimately, Defendant alleges that Plaintiffs' counsel understood the required confidentiality of the mediation proceedings and were required to make sure that the individual Plaintiffs were aware of their obligations.

In order to impose sanctions under the Court's inherent powers, Defendant "must prove by clear and convincing evidence that the other party's actions are entirely without color and are motivated by bad faith." *Roth v. City of Canton, Ohio*, No. 5:17-CV-0234, 2020 WL 1275252, at *6 (N.D. Ohio Mar. 17, 2020). For example, in *Zuver v. Sprigg*, plaintiff's "counsel breached the

12

confidentiality provision of the parties' mediation agreement by disclosing to the Court that Sprigg had rejected a proposal from the mediator at the end of mediation," and the Court imposed sanctions against Plaintiff's counsel for "those costs that are directly attributable to Zuver's counsel's intentional disclosure." 2018 WL 3617308 at *1, 12. However, in the present case, Defendant has failed to establish the intentional disclosure of confidential mediation details by Plaintiffs or Plaintiffs' counsel. Plaintiffs have refuted that they are responsible for the disclosure of confidential details of the mediation, and the Court does not agree with Defendant's interpretation of Attorney Scott's declaration. Attorney Scott's declaration states that he did not breach confidentiality with the *Knoxville News-Sentinel* or anyone else. *See* [Doc. 526-1]. Defendant cannot establish that Plaintiffs or Plaintiffs' counsel were the sources who provided details of the mediation to the newspaper. Rather, Defendant merely claims that because it allegedly not responsible for the disclosure of the details of the mediation, Plaintiffs, or Plaintiffs' counsel, were the sources referenced in the newspaper article. Therefore, the Court "cannot conclude counsel has consistently either intentionally acted in bad faith or recklessly disregarded the rules or orders of this Court." *Grimes*, 2018 WL 3956356 at *3.

This lack of an intentional and willful disclosure of confidential information is particularly clear when compared to similar cases where courts have imposed sanctions after a disclosure of details of the mediation process to newspapers. In *Josephs v. Gallatin Cty.*, the United States District Court for the District of Montana found that Plaintiff's counsel "acted in bad faith when he disclosed the confidential settlement figure to the *Bozeman Daily Chronicle* . . . [and] disclosed and commented upon a dollar figure offered during confidential settlement negotiations." *Josephs v. Gallatin Cty.*, No. CV-06-78-BU-SEH, 2008 WL 11348227, at *2–3 (D. Mont. Nov. 3, 2008), *aff'd*, 2009 WL 10677724 (D. Mont. Jan. 5, 2009). Similarly, in *Paranzino v. Barnett Bank of South Florida, N.A.*, Florida's Fourth District Court of Appeal upheld the trial court's dismissal of

13

plaintiff's claim with prejudice after plaintiff and her lawyer disclosed the settlement offer made by defendant to the *Miami Herald* following an unsuccessful mediation. 690 So. 2d 725, 729 (Fla Dist. Ct. App. 1997). Here, Defendant cannot demonstrate that Plaintiffs or Plaintiffs' counsel's conduct reached the level of bad faith similar to that exhibited by the sanctioned parties in analogous cases. While Defendant may believe that the source of the *Knoxville News Sentinel*'s information was connected to Plaintiff, Defendant cannot establish a willful violation of the confidentiality of the mediation.

Defendant is unable to identify source of the information to the *Knoxville News Sentinel*, and the Court agrees with Plaintiff that Defendant offers no proof that any Plaintiffs were the sources of information published in the newspaper. Further, the Court echoes the rationale of the Eastern District of Michigan where "other corrective action, such as sanctions, is only appropriate when a party *consistently* either intentionally acts in bad faith or recklessly disregards the rules and orders of the court." *Grimes v. Bessner*, No. 17-CV-12860, 2018 WL 3956356, at *3 (E.D. Mich. Aug. 17, 2018). Plaintiffs' actions during the mediation process and this litigation do not reveal bad faith or reckless disregard of the rules of the Court at this time.

Therefore, the Court finds that sanctions are not appropriate for the alleged disclosure of confidential information from the mediation in this case to the *Knoxville News Sentinel*, as Defendant cannot establish bad faith or intentional or willful conduct by Plaintiffs. *See Roth v. City of Canton, Ohio*, No. 5:17-CV-0234, 2020 WL 1275252, at *8 (N.D. Ohio Mar. 17, 2020) ("In the informed discretion of the Court, it also declines to impose sanctions under its inherent power because the Court finds Plaintiffs' counsel did not engage in bad faith conduct in the litigation.").

### B. Alleged Disclosure of Confidential Mediation Information to the Court

As the Court previously detailed, Defendant claims that Plaintiffs' counsel impermissibly revealed inappropriate details about the mediation, including announcing that the mediator had made

14

a proposal that was accepted by counsel for both parties, during a conference with the undersigned on January 24, 2020. Additionally, Defendant asserts that Plaintiffs impermissibly referenced and attached materials that were explicitly provided for the purposes of mediation in their response to Defendant's Phase II trial recommendations. *See* [Doc. 497 at 7].

Plaintiffs respond [Doc. 526] that comments about the status of the mediation during the January 24, 2020 conference with the undersigned do not constitute a violation, as the undersigned was tasked with overseeing the mediation, *see* [Doc. 459 at 6], and Plaintiffs' counsel believed the purpose of the conference was to determine whether a continued period for mediation was justified. Additionally, Plaintiffs' counsel filed declarations stating that they believed that the mediator had communicated to the undersigned that a proposal had been accepted by the parties. *See* [Doc. 526-1]. Plaintiffs submit that Defendants have failed to show any underlying prejudice from discussions with the undersigned in a status conference. Additionally, Plaintiffs maintain that the submission to the Court under seal of treating physician and expert declarations as a part of Plaintiffs' response to Defendant's brief regarding Phase II trial procedures was not a violation of the confidentiality of mediation, as "[t]hese declarations were Plaintiffs' work product for proof of specific causation for the Phase II trials, which were used in mediation, but were not created solely for mediation." [Doc. 526 at 3].

Defendant replies that Plaintiffs' counsel was not permitted to divulge details of the mediation under the belief of being candid with the Court. Additionally, Defendant claims that Local Rule 16.4(h) does not have an exception following an understanding of previous violations despite Plaintiffs' claims that they understood that the mediator had discussed certain details with the Court. With respect to the physician declarations used in mediation, Defendant claims that there is no applicable exception under Local Rule 16.4(h).

Here, the Court also finds that Defendants have failed to establish intentional, or willful or

15

deliberate actions, by Plaintiffs that would warrant sanctions in the alleged disclosures to the Court. In *Grimes v. Bessner*, the Eastern District of Michigan addressed a similar issue, wherein defense counsel asserted that plaintiff's counsel included confidential information discussed during mediation in briefing before the Court. 2018 WL 3956356 at *2. However, the Eastern District of Michigan found that counsel had not "consistently either intentionally acted in bad faith or recklessly disregarded the rules or orders of this Court." *Id.* at *3.

While Defendant in the present case contends that Plaintiff's counsel impermissibly revealed that a proposal had been accepted by both parties during mediation, the Court does not find that such disclosure constitutes bad faith or a reckless disregard of Local Rule 16.4. *Cf. Bernard v. Galen Group*, 901 F. Supp. 778, 784 (S.D.N.Y. 1995) (sanctioning plaintiffs' counsel for violating the confidentiality provisions of the Court's mediation program by disclosing the terms of certain settlement offers, including specific dollar amounts, to the District Judge after finding "willful[ ] and deliberate[ ]" actions by plaintiffs' counsel to "undermine the mediation process in this case"). Plaintiffs have stated that they intended to update the undersigned, who was directed to oversee the mediation, on whether a continued period for mediation was justified. Although the disclosure that an offer was accepted constitutes more than revealing communications that took place during the mediation, Plaintiffs did not disclose any additional information other than the acceptance. Additionally, unlike in *Zuver v. Sprigg*, Plaintiff's counsel did not disclose that Defendants "had rejected a proposal from the mediation at the end of mediation." *Zuver v. Sprigg*, No. CV 16-2505 (DLF), 2018 WL 3617308, at *1 (D.D.C. June 13, 2018) (noting "[t]he fact that Zuver's counsel did not reveal the amount of the mediator's settlement offer does not lessen the clear import of the disclosure—that Zuver and not Sprigg acted reasonably"). Ultimately, Defendant does not establish that this disclosure breached the confidentiality of the mediation and this information was later provided to the Court through the Mediator's Report.

The Court similarly finds that the disclosure of treating physician and expert declarations that were provided in mediation does not constitute bad faith or intentional or reckless conduct on behalf of Plaintiff. Plaintiffs have explained that the declarations were not prepared solely for mediation and are part of their proof for specific causation. Additionally, the "inclusion of the information was not an attempt to gain an advantage" over Defendant. *Powell v. Carey Int'l, Inc.*, 547 F. Supp. 2d 1281, 1298–99 (S.D. Fla. 2008). Further, in comparison to similar cases involving the disclosure of confidential mediation information, Plaintiffs cannot demonstrate a significant level of prejudice.

Ultimately, Defendant has not presented sufficient evidence for the Court to conclude that Plaintiffs acted in bad faith, or that Plaintiffs' alleged conduct was intentional or reckless. *See Grimes*, 2018 WL 3956356 at *2 ("Here, had Plaintiff's Supplemental Brief been more explicit with respect to the information it disclosed, or if counsel's conduct was more egregious during the course of this litigation, sanctions or other corrective measures might be appropriate for a violation of this rule.").

### C. Defendant's Arguments Under Seal

The Court has also considered Defendant's arguments filed under seal in this matter, but for the same reasons expressed above, finds that Defendant has not demonstrated that Plaintiffs or Plaintiffs' counsel acted in bad faith, or that Plaintiffs' alleged conduct was an intentional or willful violation of the confidentiality of mediation.

## V. CONCLUSION

Here, the Court declines to find that sanctions are warranted for the alleged disclosure of confidential information from the mediation. The Court notes the presence of several sealed filings in this case due to the present concerns and posture of the case. The parties are therefore **DIRECTED** to their responsibilities under Local Rule 16.4(h), regarding the confidentiality of

mediation, as well as Local Rule 83.2, regarding public statements by attorneys. The parties are additionally given **NOTICE** that if they fail to comply with the confidentiality requirements and other concerns discussed in this Memorandum and Order, the Court may find that they have acted in bad faith in conducting this litigation and issue sanctions, which could include assessing fees and costs, excluding evidence or defenses, or entering judgment in this case. Accordingly, for the reasons set forth above, that Defendant's Motion for Sanctions and to Enforce the Confidentiality of Mediation [**Doc. 512**] is **DENIED.**

    **IT IS SO ORDERED**.

                      ENTER:

                        */s/ Bruce Guyton*
                      United States Magistrate Judge